[Cite as *McEachron v. Brecksville*, 2026-Ohio-1324.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ORVILLE MCEACHRON | Case No. 2026-00056PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>JUDGMENT ENTRY</u> |
| CITY OF BRECKSVILLE | |
| Respondent | |

{¶1} On March 10, 2026, the special master rendered a report and recommendation ("R&R") recommending that the Court enter judgement for respondent City of Brecksville ("the City") and order requester (McEachron) to bear the costs of this case.

{¶2} On March 19, 2026, McEachron filed a "Notice of Voluntary Dismissal & Requester's Motion to Deem Filing Timely Due to Electronic Filing System Failure". The certificate of service attached to this filing states that McEachron served the City "via the eFile Ohio electronic filing system".

{¶3} Civ.R. 5(A) requires that all filings with the Court, subsequent to the original complaint, must be served upon each of the parties. Civ.R. 5(B)(4) requires that "[t]he served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. However, the court does not authorize service via the Court's electronic transmission facilities. Section X of the Court's Administrative Rules Regarding Electronic Filing states that "the filing party is responsible to serve all filings on all other parties in an e-File case. The Filing Party may make service upon all other Registered Users of the Odyssey File & Serve™ electronically via email." *See also* L.C.C.R. 4(A)(2)(a) ("The Administrative Rules Regarding Electronic Filing in the Court of Claims, as amended from time to time, governs

practice and procedures to be followed regarding the filing of court documents."). Here, McEachron stated in his certificate of service that he served his filing upon the City by means of the efiling system. Therefore, the Court cannot consider McEachron's notice of voluntary dismissal or motion.

{¶4} Neither requester nor respondent has filed timely written objections to the report and recommendation in accordance with R.C. 2743.75(F)(2).[1] Pursuant to R.C. 2743.75(F)(2), if neither party timely objects, then this court "shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation." Upon independent review, the court finds that there is no error of law or other defect evident on the face of the report and recommendation. The court adopts the report and recommendation.

{¶5} In accordance with the special master's recommendations, the court enters judgment for the City and assesses the court costs to McEachron. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed March 31, 2026**
**Sent to S.C. Reporter 4/13/26**

---

[1] McEachron's March 19, 2026, filing demonstrates that he received the R&R on March 19, 2026, at the latest, therefore, any objections were due on March 30, 2026.